# WOOLARD *v.* WOOLARD.

### HUSBAND AND WIFE; DIVORCE; DESERTION.

1. To convert the continuation by the wife of a voluntary separation had upon the demand of the husband, who refused longer to live with her upon her confession that she no longer loved him but was willing to remain with him "for appearance sake," into the willful desertion and abandonment for which under the statute an absolute divorce may be granted, it is at least incumbent on the husband to show that he has, in a conciliatory manner and in perfect good faith, invited her return without condition.

2. Where shortly after a husband and wife separate upon his demand, the husband writes to his wife and in cold and formal terms invites.

her to return and resume her full duty as his wife, together with the love she should have for him, with no assurance of continued affection on his part, or indication of regret that he had insisted upon their separation, the general tone of the letter being one of complaint and containing a reproach for which there is no foundation in the evidence as to the causes of the separation, and the wife does not return, the husband will not be entitled to a divorce for desertion.

3. A decree in such a case dismissing the bill of complaint, modified so as to show a dismissal without prejudice, and, as modified, affirmed.

No. 1072, Submitted April 12, 1901. Decided May 22, 1901.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a bill of complaint for a divorce on the ground of desertion, filed by a husband. *Modified and affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. E. Hilton Jackson* for the appellant.

There was no appearance for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellant, William F. Woolard, appeals from a decree dismissing his bill for divorce filed against his wife, Clara C. Woolard, November 23, 1900.

The bill alleges marriage of the parties in the District of Columbia on November 18, 1890, and cohabitation as man and wife until July 30, 1898; and willful desertion by defendant on September 3, 1898, more than two years before the institution of the suit. Defendant, though duly served with process, made no appearance in the court below, and has not entered appearance in this court.

The testimony taken on behalf of the plaintiff shows the marriage as alleged, and the necessary jurisdictional facts of residence.

Reverend Lucien Clark, pastor of Foundry Church, in Washington, of which both parties were members, testified

that plaintiff came to him in July or August, 1898, and " revealed the fact that there was incompatibility between the two, and that he had endured it as long as he could, and that they would separate; " that he " inquired diligently to learn if there were any possibility of a reconciliation, and received the impression that it was impossible." He further stated that the defendant also came to see him later and " expressed a desire to continue to live with Mr. Woolard for appearance sake, but said emphatically that if they separated she would never return to him; the separation had been determined upon before that, but they had not separated; they were living in the same building and in the same room." Plaintiff also told him that " she had said to him that she did not love him, and he said he could not live with a woman who positively declared that she did not love him and persisted in that declaration." * * * " He said that he was willing at any time, if she would return to him and love him and live with him as a wife, to receive her as such." Upon inquiry made by witness of the defendant if she had any charges to make against plaintiff before the church, she said: " No, and if there were a church trial, or a trial in court she never would appear." This voluntary separation seems to have occurred about August 1, 1898.

Plaintiff then wrote defendant the following letter:

" August 31, 1898.

" Dear Clara: I herewith send you $30, the promised monthly allowance for your necessities, for September, but feel that I ought to be relieved from even this expense by your immediate return to me and the resumption of your full duties as my wife, together with the love which you should have for me. I am living at Tenleytown and find the cost very moderate in comparison with what we have been used to. We can find a small house out here, which will be suitable for our needs and in which we can live in accordance with our means. It is simply nonsense for us to have lived in such an expensive style, and I consider a change to this location imperative, for I am not willing to further undertake

the maintenance of a family in the city, where the cost of living is so high. For a long time in the past our expenses exceeded my income, and I must economize hereafter. Then, again, we shall not be afflicted with any more of your peculiar and unnatural friendships, which have robbed me of your love and broken up my home. Sincerely yours,

" W. F. Woolard."

This letter, of which a copy attested by a witness was retained, was sent by registered mail. Copies of similar letters were offered in evidence, bearing date September 30 and October 31, 1898.

Plaintiff continued to send defendant $30 per month by checks which she collected without acknowledging the receipt of his letters.

The next letter bears date May 31, 1900. In this he referred to her statement, once made, that she would receive no contribution from him, to the fact that he had sent her in all $690 without receipt of acknowledgment, and to her failure to take any notice of injuries that had caused his detention in the hospital. The conclusion of this letter was in the following words:

" More than a year ago I wrote you two or three times, stating that I was willing to receive you back, establishing our home anew. To these letters you made no reply, and I assumed then as I assume now that you have no intention of returning to me. I now renew this offer and ask that you come back and occupy the relations which you formerly held as my wife; in which event I will provide liberally for you as I always have done, such provision being limited only by my means. In the event you persist in the determination formed so long ago not to return to me, I feel that I will then be neither morally nor legally bound to continue my remittances toward your support. These remittances will cease with the present enclosure unless you see fit to accept the invitation contained in this letter.

" Yours, truly,

" W. F. Woolard."

On July 2, 1900, he wrote again, saying no reply had been received, and added: " The offer made then is still open to you. Meanwhile, I inclose $30 for the present month."

This appears to have been the last communication, as well as the last remittance.

We agree with the learned justice who rendered the decree that the proof in this case fails to make out a case under the statute which provides that a divorce may be granted " for willful desertion and abandonment by the party complained of against the party complaining for the full uninterrupted space of two years."

It appears from the testimony of the minister, in whom both parties confided, that the separation took place upon the plaintiff's demand. He refused longer to live with a wife who confessed that she no longer loved him. She was willing to remain with him " for appearance sake."

To convert her continuation of this voluntary separation into the statutory desertion, it was, at the very least, incumbent upon him to show that he had, in a conciliatory manner and perfect good faith, invited her return without condition. This proof has not been made.

Notwithstanding the terms of the first letter written to the defendant and the precaution taken to copy it and insure positive proof of its delivery, it would probably be too harsh to say, in the light of some explanatory statements of friends in whom the plaintiff confided, that this letter was not an attempt, in good faith, to bring about reconciliation, but rather to lay the foundation for a bill of divorce after the expiration of two years. At the same time, it is quite clear to our apprehension that the defendant's failure to acknowledge the receipt of the letter and to accept the invitation as given did not amount to the " willful desertion and abandonment " of the statute.

The invitation was cold, formal and upon condition. Demanding her return and the resumption of her " full duty " as his wife, " together with the love which she should have " for him, there was no assurance of continued affection on his part, or indication of regret that he had insisted upon

their separation. Moreover the general tone of the letter is one of complaint, and the last sentence is in the nature of a reproach for which there is no foundation in the evidence respecting the causes of the separation that had taken place. That the defendant did not accept such an invitation, following so speedily after the plaintiff's withdrawal, is not to be wondered at.

The second letter, though not so objectionable, was not a great improvement upon the first. It is unnecessary to consider the later letters, for if their sufficiency for the purpose were conceded, the necessary two years had not elapsed before the institution of the suit.

The conditions surrounding the later married life of these parties, who have no offspring, and the circumstances of their separation, are singular, and it may possibly be that the plaintiff has greater grievance and more excuse for his own conduct than has been made to appear in the evidence.

For these reasons, and at his request, the decree, instead of being affirmed outright, will be *modified so as to show a dismissal of his bill without prejudice. So modified, the decree will be affirmed, with costs.*

[The plaintiff subsequently, by leave of the lower court, filed an amended petition, took testimony thereon and, after hearing, was granted an absolute divorce from the defendant.— REPORTER.]